UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TOBIAS R. REID, | ) | CASE NO. 1:11 CV 2281 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HISAMI JOHIRA, *et al.*, | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Tobias R. Reid filed this action against Hisami Johira, Universal Casualty Insurance, Founders Insurance, Ohio Department of Transportation Director Jolene Molitoris, City of Cleveland Traffic Public Safety Director Martin Flask, and Cuyahoga County Engineer Robert Klaiber, Jr. In the Complaint, plaintiff alleges breach of contract, fraud, misrepresentation, intentional infliction of emotional distress, and conversion against defendants Johira, Universal Casualty, and Founders Insurance. He alleges abuse and misuse of city, county, state and federal taxes and funds against defendants Molitoris, Flask, and Klaiber. He seeks monetary relief.

Plaintiff has also filed a Motion to proceed *in forma pauperis*. (Doc. 2). That Motion is

granted.

## Background

This action arises out of three separate car accidents that occurred in 2009. The first, on September 15, 2009, occurred at the intersection of W. 25th Street and Lorain Avenue in Cleveland. Plaintiff alleges he was driving a 1993 Ford Explorer at that location, when he was struck by another motorist. This unidentified motorist allegedly left the scene of the accident before exchanging any insurance information with plaintiff. Plaintiff's vehicle was allegedly insured by defendant Universal Insurance ("Universal") through insurance agent, defendant Johira. Plaintiff asserts Johira advised him to contact Universal regarding possible uninsured motorist coverage, and that he did so. He claims Universal failed to respond to plaintiff's inquiries. (Doc. 1 at 2-3).

On October 2, 2009, plaintiff was involved in another car accident, this time at the intersection of W. 71st Street and Bridesmaid Road in Cleveland. Plaintiff alleges he was driving a 1988 GMC Jimmy truck, when an unidentified motorist crashed into him. Again, plaintiff asserts this motorist fled the scene without exchanging insurance information. Plaintiff states his truck was insured by Universal through defendant Johira. Plaintiff asserts neither Johira nor Universal have returned plaintiff's calls to them regarding this accident. (Doc. 1 at 3-4).

Finally, on December 6, 2009, plaintiff was involved in a car accident in the vicinity of Clark and Quigley Roads in Cleveland. Plaintiff alleges he was driving his 1988 GMC Jimmy at that location, when an unidentified motorist ran into the left side of plaintiff's truck and drove off before exchanging insurance information. Plaintiff states he attempted to contact Johira and defendant Founders Insurance about this accident, but that neither of these defendants have returned his calls. (Doc. 1 at 4-5).

Plaintiff claims that, by failing to communicate with him or process his claims, defendants Johira, Universal and Founders breached their insurance contracts with plaintiff and committed fraud, misrepresentation, and conversion. He further asserts defendants Molitoris, Flask and Klaiber are also liable due to their failure to properly maintain traffic devices, pavement markings, and bridge and road conditions at the three accident locations discussed above. He claims he suffered considerable losses in the form of damage to his vehicles, as well as "collateral damages in losses of employment, technology, and education." (Doc. 1 at 5). Lastly, he maintains defendants' actions constituted intentional infliction of emotional distress and deprived him of his "constitutional rights to life, liberty and the pursuit of happiness." (Doc. 1 at 12).

## Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not

required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

The presence or absence of jurisdiction to hear a case is the "first and fundamental question presented by every case brought to the federal courts." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). *See also Farmer v. Fisher*, 2010 WL 2925935 at *2 (6th Cir. July 28, 2010). Accordingly, the Sixth Circuit has instructed that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern.*, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). This analysis is shaped by the well-known principle that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff appears to claim that this Court has jurisdiction over his Complaint pursuant to 28 U.S.C. § 1331. Under that statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff claims generally, in the caption of his Complaint, that defendants violated his civil rights under 42 U.S.C.

§ 1983. To establish a claim under § 1983, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140.

Plaintiff fails to explain how his claims for breach of contract, fraud, misrepresentation, conversion, intentional infliction of emotional distress, "abuse," and misuse of public funds constitute federal claims. He does not identify any specific constitutional right, amendment or federal statute that might form the basis of these claims, nor does he identify any legal theories or concepts of a constitutional dimension. While he asserts generally that defendants violated his "constitutional rights to life, liberty and the pursuit of happiness," the Court finds this vague, conclusory statement is insufficient to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (finding that "[a] complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements"). Even liberally construed, the Complaint in the instant case fails to sufficiently state any federal constitutional claim supporting jurisdiction under §1331.

Nor can plaintiff demonstrate the existence of diversity jurisdiction under 28 U.S.C. § 1332. That statute provides "(a) The district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). "This statute and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owens Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing *Stawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (emphasis added). That is, federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The general rule is that diversity is determined at the time of the filing of a lawsuit. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

The Complaint in the instant case lacks complete diversity. Plaintiff alleges he is a citizen of the State of Ohio. While defendants Universal and Founders are allegedly based in Illinois, plaintiff asserts defendant Johira is based in East Cleveland, Ohio. In addition, defendant Molitoris is sued in her capacity as the Director of the Ohio Department of Transportation, which is based in Columbus, Ohio. Defendants Flask and Klaiber are sued by virtue of their positions as City of Cleveland Traffic Public Safety Director and Cuyahoga County Engineer, respectively, both of which are clearly based in Ohio. Inasmuch as plaintiff shares an Ohio citizenship with four of the defendants in the instant case, the Court finds complete diversity jurisdiction is lacking.

In light of the above, the Court finds it does not have subject matter jurisdiction over this action under either § 1331 or § 1332.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.[1]

        IT IS SO ORDERED.

                                                                                    s/ Dan Aaron Polster    12/29/2011
                                                                                 DAN AARON POLSTER
                                                                                  UNITED STATES DISTRICT JUDGE

---

    [1] 28 U.S.C. § 1915(a)(3) provides "[a] n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.